IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.                            Criminal Action No. 5:90CR122-02
                                                (STAMP)
DWIGHT KNIBBS,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO RECONSIDER RULING**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60(b)(6)**

On October 19, 2005, the defendant, Dwight Knibbs ("Knibbs"), filed a motion for this Court to reconsider its ruling on defendant's motion pursuant to Federal Rule of Civil Procedure 60(b)(6). This Court directed the United States to respond and on October 31, 2005, the United States filed a response.

The defendant seeks relief based on the rulings of the Supreme Court of the United States in Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). In response, the government argues that the defendant, in seeking to have his sentence vacated, is essentially seeking relief under 28 U.S.C. § 2255. Because this would serve as a successive § 2255 motion for the defendant, the government asserts that the defendant must seek an order from the United States Court of Appeals for the Fourth Circuit authorizing this Court to consider his motion. The defendant has not requested such an order from the Fourth Circuit and, therefore, the government contends that this Court must

dismiss the defendant's motion. Moreover, the government argues that neither <u>Booker</u> or <u>Blakely</u> are applicable retroactively.

The Fourth Circuit has held that Rule 60(b) motions should be treated as successive applications for post-conviction relief under 28 U.S.C. § 2255 when they present claims that are "equivalent to additional habeas claims." <u>Hunt v. Nuth</u>, 57 F.3d 1327, 1339 (4th Cir. 1995). In <u>United States v. Winestock</u>, 340 F.3d 200 (4th Cir. 2003), the Fourth Circuit further mandated that "district courts <u>must</u> treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to 'evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.'" <u>Id.</u> at 206 (citing <u>Calderon v. Thompson</u>, 523 U.S. 538, 553 (1998)(holding that courts must not allow prisoners to circumvent the strict requirements of 28 U.S.C. §§ 2254 and 2255 by attaching labels to petitions other than "successive application" for post-conviction relief)).

The <u>Winestock</u> court also described the method that courts should use to distinguish proper motions under Rule 60(b) from "'successive [applications] in 60(b)'s clothing.'" <u>Id.</u> at 207 (quoting <u>Lazo v. United States</u>, 314 F.3d 571, 573 (11th Cir. 2002) (per curiam)). The Court stated that

> a relatively straightforward guide is that a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in a collateral review process will generally be deemed a proper motion to reconsider. Thus, a brand-new, free-standing

> allegation of constitutional error in the underlying criminal judgment will virtually always implicate the rules governing successive applications.

Id.

This Court agrees with the government that <u>Winestock</u>'s test to determine whether a motion is a successive § 2255 is applicable to the defendant's motion to reconsider in this case.  Here, the defendant is simply attacking his sentence, and therefore, his motion is properly characterized as a successive habeas petition.  Accordingly, Knibbs' claim cannot stand because it has not been properly brought as a successive application for relief under 28 U.S.C. § 2255.  For this reason, the defendant's motion to reconsider must be DENIED.

In the alternative, the defendant's motion must be denied because it relies on a retroactive application of <u>Booker</u> or <u>Blakely</u>.  The Fourth Circuit has made it clear that neither <u>Booker</u> nor <u>Blakely</u> can be applied retroactively.  <u>United States v. Morris</u>, __ F.3d __, 2005 WL 2950732 *6 (2005)(<u>Booker</u> not retroactive because not a "watershed" rule).

Should the defendant choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of the judgment order.  Upon reviewing the notice of appeal, this Court will either issue a certificate of appealability or state why a certificate should not issue in accordance with Federal Rule of

3

Appellate Procedure 22(b)(1). If this Court should deny a certification, the defendant may request a circuit judge of the United States Court of Appeals for the Fourth Circuit to issue the certificate.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to the defendant and to counsel of record herein.

DATED: November 8, 2005

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
